UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BUFORD,<br><br>           Plaintiff,<br><br>   v.<br><br>MOUNTS, et al.,<br><br>           Defendants. | CV F- 02-6187 OWW DLB P<br><br>FINDINGS AND RECOMMENDATIONS RE PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE/TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION BE DENIED<br><br>(DOC 42, 43) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. On December 19, 2005, plaintiff filed a request for the court to issue an order to show cause and a temporary restraining and/or preliminary injunction enjoining defendants from destroying plaintiff's parole file and medical files and requiring defendants to preserve these files for trial.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted). The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of

1  probable success and the possibility of irreparable harm, or (2) that serious questions are raised and
2  the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935,
3  937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of
4  irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of
5  success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of
6  success of the merits, or questions serious enough to require litigation." Id.

7  A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a
8  threshold and preliminary matter the court must have before it for consideration a "case" or
9  "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). If the court does not have a "case" or
10 "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F. 2d
11 1159, 1162-63 (9th Cir. 1972). At this juncture, the Court has not ordered service of the third
12 amended complaint. In a separate order issued concurrently with this Findings and
13 Recommendations, plaintiff was ordered to inform the Court whether he wished to proceed with
14 certain claims and dismiss the non-cognizable claims. Thus, at this time, plaintiff is not entitled to
15 any type of preliminary injunction, as the court lacks jurisdiction to issue any such orders.

16 Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for
17 temporary restraining order and/or preliminary injunctive relief, filed December 19, 2005, be
18 DENIED, without prejudice.

19 These Findings and Recommendations will be submitted to the United States District Judge
20 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**
21 **days** after being served with these Findings and Recommendations, plaintiff may file written
22 objections with the court. The document should be captioned "Objections to Magistrate Judge's
23 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
24 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d
25 1153 (9th Cir. 1991).

26 IT IS SO ORDERED.

27 Dated:   January 24, 2006              /s/ Dennis L. Beck
   3b142a                                 UNITED STATES MAGISTRATE JUDGE
28