# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BUFORD, | CV F- 02-6187 OWW DLB P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | RECOMMENDING DISMISSAL OF CERTAIN CLAIMS |
| PAROLE AGENT MOUNTS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983.  On January 25, 2006, this court issued an order finding that plaintiff's third amended complaint stated cognizable Fourth Amendment and Retaliation claims against defendants Mounts, Worely and Gipson but failed to stated any other cognizable claims for relief.  The Court directed plaintiff to notify whether he wished to proceed only with the cognizable claims in the third amended complaint.  The Court advised plaintiff that failure to so notify the court would result in a recommendation to the District Court that the other claims and defendants be dismissed and this action proceed only against defendants Mounts, Worely and Gipson as discussed in that order.  On February 6, 2006, plaintiff filed a document stating, "Plaintiff hereby respectfully declines to proceed with the Court's January 24, 2006 Order."  Accordingly, the Court now

1  recommends that this action proceed only on the Fourth Amendment and Retaliation claims against

2  defendants Mounts, Worley and Gipson and that all other claims and defendant the State of

3  California be dismissed.

4      The Court is required to screen complaints brought by prisoners seeking relief against a

5  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28

9  U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend

10  may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

11  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

12      In the instant case, plaintiff brings action against Parole Agents Mounts, Gipson, and Worley

13  and the State of California.  Plaintiff claims that on October 4, 2001, he was released on parole from

14  the California Substance Abuse Treatment Facility.  Plaintiff alleges that he suffers from chronic

15  depression and other mental health problems which were known to the defendants.  Plaintiff alleges

16  physical ailments including back pain, neck pain, and glaucoma.  Plaintiff reported to defendant

17  Gipson at the Fresno Parole Office and was told to find a place of residence within Fresno County.

18  Plaintiff moved into a residence on Dayton Street in Fresno on October 4, 2001, where he placed his

19  property, including prescription medications and civil court papers.  On the same day, plaintiff

20  notified defendant Gipson of his address and Gipson told plaintiff that Parole Agent Mounts would

21  visit plaintiff at the Dayton Street address within 5 days to verify that plaintiff had a place of

22  residence.  Defendant Mounts visited plaintiff's address on October 5, 2001, as plaintiff had just left

23  the residence.  Mounts confiscated all of plaintiff's belongings, including his medications based on

24  his belief that plaintiff had violated his parole.  Plaintiff alleges that Mounts failed to leave an

25  inventory receipt form as required.  Plaintiff alleges the seizure of his property was authorized by

26  defendant Worley.  Mounts told the others at the residence that plaintiff "might as well run or do

27  what he as to do because there is a warrant out for his arrest."  Mounts left the residence and 30

28

1  minutes later, plaintiff arrived.  Plaintiff called the parole office and was told that there was no

2  warrant for his arrest.

3       On October 7, 2001, plaintiff experienced adverse effects from being without his psychiatric

4  medications.  Plaintiff alleges that as a result of Mounts' confiscation of his psychiatric medication,

5  he experienced paranoia, depression, distress, psychotic behavior, hallucinations, and delusions.

6  Plaintiff alleges that defendants were aware of his medical conditions and his need for his

7  medications.  Plaintiff further alleges that defendants confiscated his legal property in retaliation for

8  plaintiff's civil litigation against the Fresno Parole and Community Services Division.  Plaintiff's

9  personal property was kept by defendants for approximately thirty days despite his repeated requests

10  and demands.  Plaintiff states that on November 4, 2005, he hired an attorney at a cost of $500.00 to

11  retrieve his property.

12       On November 7, 2001, plaintiff was arrested for violating parole.  Plaintiff contends that at

13  the Board of Prison Terms Hearing, defendant Mounts testified that plaintiff's property was seized

14  "only for safekeeping."

15  **A.     State of California as a Defendant**

16       Plaintiff is advised that he may not sustain an action against an unconsenting state.  The

17  Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting

18  state.  Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation

19  omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico

20  Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins.

21  Sys., 939 F.2d 676, 677 (9th Cir. 1991).  The Eleventh Amendment bars suits against state agencies

22  as well as those where the state itself is named as a defendant.  See Natural Resources Defense

23  Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brook, 951 F.2d at 1053;

24  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons

25  was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community

26  College Dist., 861 F.2d 198, 201 (9th Cir. 1989).  The State of California must therefore be

27  dismissed from this action.

28

**B.      Fourth Amendment Claim**

In the First Cause of Action, plaintiff alleges that defendants' seizure of his property was unjustified, unreasonable and penologically unnecessary in violation of the Fourth Amendment. Plaintiff states a cognizable Fourth Amendment claim against defendants Mounts, Worley and Gibson.

**C.      Retaliation Claim**

In the Second Cause of Action, plaintiff alleges that the seizure of his property was a retaliatory measure by defendants for plaintiff's prior civil lawsuits against the Fresno Parole and Community Services Division.  Plaintiff states a cognizable retaliation claim against defendants Mounts, Worley and Gibson.

**D.      Denial of Access to Courts Claims**

In the third and ninth causes of action, plaintiff claims he was denied access to the court system when defendants confiscated his legal materials.  In order to state a cognizable claim for denial of access to the courts, plaintiff must allege that he has suffered "actual injury" as a result of defendants' conduct.  Lewis v. Casey, 518 U.S. 343, 349-50 (1996).  The right to access the courts is limited to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement.  Id. at 354-55.  "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense."  Id. at 351.  Rather, the inmate "must go one step further and demonstrate that the library or legal assistance program hindered his efforts to pursue a legal claim."  Id.  The actual-injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded."  Id. at 353.  In Lewis v. Casey, the Supreme Court defined prisoners' right of access to the courts as simply the "right to bring to court a grievance."  Id. at 354. The Court specifically rejected the notion that the state must enable a prisoner to "litigate effectively once in court."  Id. (quoting and disclaiming language contained in Bounds v. Smith, 430 U.S. 817, 825-26 (1977)); see also Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995) (determining that prisoners' right of access to the courts is limited to the pleading stage of a civil rights action or

1  petition for writ of habeas corpus).

2       In the instant case, plaintiff merely alleges that legal documents relating to "pending litigation

3  matters" were confiscated for approximately one month.  Plaintiff has not alleged that defendants

4  prevented him from filing a direct criminal appeal, habeas corpus proceeding, or civil rights actions

5  challenging conditions of confinement.  Therefore, plaintiff fails to state a claim for denial of access

6  to the courts.

7  **E.      Deliberate Indifference/ Interference with Treatment Claims**

8       "Deliberate Indifference" is the title of plaintiff's Fourth Cause of Action.  Plaintiff alleges:

9       The unjustified and penologically unnecessary deliberate indifference to plaintiff's
        known about sufficiently serious, documented mental health and physical conditions
10      and disabilities that were on-going, chronic, long-lasting, pervasive, well documented,
        known about, expressly informed and apprise about by defendants Mounts, Worley
11      and Gipson who took affirmative actions and steps by conduct that can be
        characterized as arbitrary and conscience shocking in the denial and seizure of
12  prescribed, required, necessary treatment medication where the defendants had a corresponding duty
    to assume some responsibility for plaintiff's mental and physical health and safety and general well
13  being but instead rendered plaintiff by forethought and omission helpless and incapacitated and
    unable to care for himself and at the same time failed in their duty to provide basis for plaintiff's
14  human needs of basic medical care and reasonable health and safety and who intentionally caused
    and materially aided in the harm and danger and injury to the plaintiff by known risks to the plaintiff
15  and not only created the risk but failed to prevent or respond reasonably to that risk and who actually
    orchestrated and intended for plaintiff to be harmed, helpless, incapacitated and unable to care for
16  himself or exposed to a substantial risk of serious injury, violated plaintiff's rights under the
    Fourteenth Amendment to the United States Constitution.

17

18       Similarly, in the fifth cause of action plaintiff alleges that defendants "intentionally deprived

19  plaintiff of his right to be free from deliberate indifference to his medical needs and care in violation

20  of the Fourteenth Amendment."

21       In the sixth cause of action, plaintiff contends that defendant Gipson's deliberate indifference

22  and intentional failure to intercede on behalf of plaintiff deprived him of his right to be free from

23  deliberate indifference to his health and safety in violation of due process and Fourteenth

24  Amendment.

25       These allegations fail to state cognizable claims for relief under section 1983.  Rule 8(a) calls

26  for a "short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(a)

27  expresses the principle of notice-pleading, whereby the pleader need only give the opposing party

28

1  fair notice of a claim.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Rule 8(a) does not require an

2  elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement

3  sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon

4  which it rests."  Id. at 47.  Plaintiff's allegations do not provide fair notice of what his claims are or

5  the grounds upon which they rest.  While plaintiff references "deliberate indifference" in both the

6  fourth and fifth causes of action, this standard applies to Eighth Amendment claims.  The

7  "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment forbidden by

8  the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986).  However, plaintiff cannot

9  state an Eighth Amendment claim because he was not in custody at the time of the complained of

10  acts.

11      Plaintiff's reference to the Fourteenth Amendment is of little help.  Plaintiff alleges, without

12  elaboration, that defendants' actions violated the Fourteenth Amendment.  To the extent plaintiff

13  attempts to state a due process claim, "[t]o establish a violation of substantive due process . . . , a

14  plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and

15  unreasonable, having no substantial relation to the public health, safety, morals, or general welfare.

16  Where a particular amendment provides an explicit textual source of constitutional protection against

17  a particular sort of government behavior, that Amendment, not the more generalized notion of

18  substantive due process, must be the guide for analyzing a plaintiff's claims."  Patel v. Penman, 103

19  F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), cert. denied, 117

20  S. Ct. 1845 (1997); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).  In this case,

21  plaintiff's allegations implicate the Fourth Amendment.  Plaintiff may not attempt to also pursue

22  substantive due process claim based on these allegations.  The fourth, fifth and sixth causes of action

23  are therefore dismissed for failure to state a claim.

24  **F.      Americans with Disabilities Act/Rehabilitation Act Claims**

25      In the seventh and eighth causes of action, plaintiff alleges discrimination under the

26  Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973.  Plaintiff contends

27  that defendants' acts and omissions prevented him from taking his medications which thereby

28

1  precluded him from participating and/or denied him the benefits of services, programs and activities

2  of the Mental Health Services of the Department of Corrections in violation of the ADA and the

3  Rehabilitation Act of 1973.

4        Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act

5  (RA) "both prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039,

6  1052 (9th Cir. 2002).  Title II of the ADA provides that "no qualified individual with a disability

7  shall, by reason of such disability, be excluded from participation in or be denied the benefits of the

8  services, programs, or activities of a public entity, or be subject to discrimination by such entity."  42

9  U.S.C. § 12132.  Section 504 of the RA provides that "no otherwise qualified individual with a

10  disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be

11  denied the benefits of, or be subjected to discrimination under any program or activity receiving

12  Federal financial assistance . . . ."  29 U. S. C. § 794.  Title II of the ADA and the RA apply to

13  inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955

14  (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98

15  F.3d 447, 453-56 (9th Cir. 1996).

16        Plaintiff has failed to allege exclusion from or denial of such services or programs.

17  Plaintiff's claims stem from the alleged seizure of his property by defendants.  Plaintiff has alleged

18  no facts that support a claim that, based on the actions or omissions of the defendants, plaintiff was

19  excluded from participation or denied the benefits of any services, programs or activities or subjected

20  to discrimination.  The seventh and eighth causes of actions are therefore dismissed for failure to

21  state a  claim.

22  **G.     Intentional Infliction of Emotional Distress.**

23        Under California law, the elements of intentional infliction of emotional distress (referred to

24  hereinafter as "I.I.E.D.") are: (1) extreme and outrageous conduct by the defendant with the intention

25  of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's

26  suffering severe or extreme emotional distress; and (3) actual and proximate causation of the

27  emotional distress by defendant's outrageous conduct.  Sabow v. United States, 93 F.3d 1445, 1454

28

1   (9th Cir. 1996) (citing to <u>Christensen v. Superior Court</u>, 54 Cal.3d 868 (1991)) (quotations omitted).

2   Plaintiff has alleged no facts that give rise to a cognizable I.I.E.D. claim.  None of the factual

3   allegations set forth in the amended complaint constitutes extreme and outrageous conduct.

4         In summary, the third amended complaint states cognizable Fourth Amendment and

5   Retaliation claims against defendants Mounts, Worley and Gipson but fails to state any other

6   cognizable claims for relief.  Accordingly, the Court HEREBY RECOMMENDS that this action

7   proceed only against defendants Mounts, Worely and Gipson on the Fourth Amendment and

8   Retaliation clams and that all other claims be dismissed.  The Court further recommends that

9   defendants be ordered to respond to the third amended complaint within 20 days of the District

10  Court's adoption of this recommendation.

11        These Findings and Recommendations will be submitted to the United States District Judge

12  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

13  **days** after being served with these Findings and Recommendations, plaintiff may file written

14  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

15  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

16  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

17  1153 (9th Cir. 1991).

18

19        IT IS SO ORDERED.

20     **Dated:    March 10, 2006**                    _____**/s/ Dennis L. Beck**_____

21  3b142a                                              UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28