IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BUFORD,<br><br>            Plaintiff,<br><br>     vs.<br><br>PAROLE AGENT MOUNTS, et al.,<br><br>            Defendant. | No. CV-F-02-6187 OWW/DLB P<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR RECONSIDERATION<br>(Doc. 80) |

Plaintiff, a state prisoner proceeding *in pro per*, moves for reconsideration of the Order filed on April 27, 2007 dismissing Plaintiff's complaint, revoking his *in forma pauperis* status, and directing Plaintiff to pay the $150.00 filing fee.

Plaintiff's motion for reconsideration is DENIED.

Plaintiff argues that the civil action filed in this court, *Buford v. Fresno County Jail*, No. CV-F-00-5542, should not count as the third "strike" pursuant to 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil
> action or appeal a judgment in a civil action
> or proceeding under this section if the

1

> prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Complaint in *Buford v. Fresno County Jail* was filed on April 6, 2000. Plaintiff's address was listed as the Solano County Jail, Fairfield California. Plaintiff contends, however, that he was released from the Fresno County Jail on April 3, 2000 and was re-arrested and re-booked into the Fresno County Jail on April 4, 2000. In his Objections to the Findings and Recommendation, Plaintiff asserted that "[t]he case, <u>Buford v. Fresno County Jail</u> was given to Plaintiff's jail officials at or briefly bore April 3, 2000 "release date." Plaintiff argues:

> These facts substantiate and differentiate the attributing factors ill-holding the Plaintiff to an invalid 'third-strike' simply because during the mailing and actual filing of the <u>Buford vs. Fresno County Jail</u>, complaint Plaintiff was 'released' from custody and re-arrested between April 3 and April 4, 2000... As such, continuous custody is not the applicable standard to which this issue should be resolved and that <u>the actual filing time, mailing time</u> and <u>receiving time of the complaint</u> by the Court literally and in the culmination of facts that avoid 'third strike applicability' to the Plaintiff which only exist because the defendants contend that 'the plaintiff "was incarcerated" during the filing of the <u>Buford v. Fresno County Jail</u> complaint.

Plaintiff's statement of grounds for reconsideration as well as the docket in No. CV-F-00-5542, demonstrate that he was

incarcerated when he filed the Complaint in *Buford v. Fresno County Jail*, No. CV-F-00-5542.  That Plaintiff presents documents from which it might be inferred that he was briefly released from the custody of the Fresno County Jail sometime during the evening of April 3, 2000 until sometime during April 4, 2000 does not negate the fact of incarceration at the time the action was commenced.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:   May 30, 2007**                    /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE